```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

STANISLAW JAGLA,            )
                            )
            Plaintiff,      )
                            )
    v.                      )      No. 06 C 6199
                            )
BMO FINANCIAL GROUP, et al.,)
                            )
            Defendants.     )

## MEMORANDUM ORDER

This Court's colleague Honorable Ruben Castillo was required to disqualify himself in this action pursuant to 28 U.S.C. §455(b)(4) because of his ownership of a financial interest in one of the defendants, Harris Bank. That disqualification led to the action's reassignment to this Court's calendar pursuant to this District Court's random assignment system. This memorandum order is issued sua sponte to require a showing by plaintiff Stanislaw Jagla ("Jagla") as to some arguable basis for federal subject matter jurisdiction, because our Court of Appeals conditions the granting of in forma pauperis status on the showing of a nonfrivolous federal claim as well as on a plaintiff's inability to pay the $350 filing fee (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) and numerous cases cited there.

No ruling is either made or implied here as to whether Jagla's claim against one or more of the named defendants may be advanced in a state court of competent jurisdiction. But federal

courts are courts of limited jurisdiction, permitted to entertain actions only to the extent that Congress has prescribed. Hence an inquiry as to the existence or nonexistence of federal jurisdiction is the first task that must be undertaken--see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In this instance the requisite total diversity of citizenship is absent (Jagla and Harris Bank share Illinois citizenship), so that subject matter jurisdiction must depend on the existence of a federal question. Although Jagla's Complaint regularly repeats allegations of defendants having "conspired to evade US laws" (see, e.g., Complaint ¶¶5-11), the only matters that he identifies in what he labels as 11 counts, each consisting of a single sentence, that might arguably qualify are these:

1. Count II refers to defendants' asserted violation of what Jagla characterizes as his "Constitutional equal right to pursue happiness and prosperity."

2. Count V refers to "unfair labor practices" on the part of defendants.

3. Count VI contains an amorphous assertion of an asserted conspiracy "to evade laws."

2

4. Count VIII, the only one containing any particularization as to some purported federal claim, adverts to a claimed violation of 42 U.S.C. §1981 ("Section 1981").

But nothing in Jagla's allegations appears to implicate Section 1981, properly understood, nor do any of the other matters identified above appear to do the job either. Accordingly this action is set for a status hearing at 8:45 a.m. February 15, 2007 to allow Jagla to articulate, if he can, some nonfrivolous ground on which this action can remain in this District Court. In the meantime the United States Marshals Service will not be required to pursue the service of summons on the named defendants.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 7, 2007