IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Stanislaw Jagla,                )
                                )
            Plaintiff,          )
                                )
      v.                        )   No. 06 C 6199
                                )
BMO Financial Group, et al.,    )
                                )
            Defendants.         )

## MEMORANDUM ORDER

After this Court's issuance of its attached February 7, 2007 memorandum order ("Order"), plaintiff Stanislaw Jagla ("Jagla") filed what he has captioned as "Memorandum in the Support of Jurisdiction" ("Memorandum") on the same February 15 date that the Order had set for a status hearing. Unfortunately the Memorandum's listing of the presiding judge as this Court's colleague Honorable Ruben Castillo (an understandable oversight, because the action had originally been assigned to Judge Castillo before he recused himself) had delayed its delivery to this Court's chambers, preventing this Court from reviewing Jagla's response before the scheduled status hearing. Accordingly this Court simply continued the matter to February 21.

In the meantime this Court has had the opportunity to review the Memorandum and has found it wanting as a substantive matter (again perhaps understandably, for Jagla is a non-lawyer acting pro se). This memorandum order will explain.

Just as Order at 2 had said, no subject matter jurisdiction

exists here on diversity-of-citizenship grounds. In that respect Jagla obviously fails to understand that diversity as between a plaintiff and all defendants must be total, and the shared Illinois citizenship of Jagla and defendant Harris Bank is fatal to that requirement.

As for the other potential predicate for federal subject matter jurisdiction, the existence of a "federal question," a bit more explanation is required. Because Jagla's targets are private persons and entities rather than "state actors," the Fourteenth Amendment's Equal Protection Clause is not in play. And as for the type of invidious discrimination that is prohibited by 42 U.S.C. § 1981, the actions that Jagla ascribes to his not being a member of what he repeatedly refers to as a class of "PRIVILEGED people" does not come under the rubric of that section or of any other federally-based provision known to this Court.

Just as Order at 1 reflected, no view is expressed here as to the viability or nonviability of Jagla's claim or claims if they were to be asserted in a state court of competent jurisdiction. All that is determined at this point, as the Order explained that this Court is obligated to do at the outset, is that this action does not come within the federal subject matter ken as defined by Congress.

Accordingly this action is dismissed for lack of subject

matter jurisdiction. Although this dismissal is with prejudice on that score, it is without prejudice as to Jagla's ability to seek to advance the same claims in another forum.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:    February 21, 2007

IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

STANISLAW JAGLA,                )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. 06 C 6199
                                )
BMO FINANCIAL GROUP, et al.,    )
                                )
                Defendants.     )

                        MEMORANDUM ORDER

    This Court's colleague Honorable Ruben Castillo was required to disqualify himself in this action pursuant to 28 U.S.C. §455(b)(4) because of his ownership of a financial interest in one of the defendants, Harris Bank. That disqualification led to the action's reassignment to this Court's calendar pursuant to this District Court's random assignment system. This memorandum order is issued sua sponte to require a showing by plaintiff Stanislaw Jagla ("Jagla") as to some arguable basis for federal subject matter jurisdiction, because our Court of Appeals conditions the granting of in forma pauperis status on the showing of a nonfrivolous federal claim as well as on a plaintiff's inability to pay the $350 filing fee (see, e.g., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) and numerous cases cited there.

    No ruling is either made or implied here as to whether Jagla's claim against one or more of the named defendants may be advanced in a state court of competent jurisdiction. But federal

courts are courts of limited jurisdiction, permitted to entertain actions only to the extent that Congress has prescribed. Hence an inquiry as to the existence or nonexistence of federal jurisdiction is the first task that must be undertaken--see, e.g., Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In this instance the requisite total diversity of citizenship is absent (Jagla and Harris Bank share Illinois citizenship), so that subject matter jurisdiction must depend on the existence of a federal question. Although Jagla's Complaint regularly repeats allegations of defendants having "conspired to evade US laws" (see, e.g., Complaint ¶¶5-11), the only matters that he identifies in what he labels as 11 counts, each consisting of a single sentence, that might arguably qualify are these:

    1. Count II refers to defendants' asserted violation of what Jagla characterizes as his "Constitutional equal right to pursue happiness and prosperity."

    2. Count V refers to "unfair labor practices" on the part of defendants.

    3. Count VI contains an amorphous assertion of an asserted conspiracy "to evade laws."

4. Count VIII, the only one containing any particularization as to some purported federal claim, adverts to a claimed violation of 42 U.S.C. §1981 ("Section 1981").

But nothing in Jagla's allegations appears to implicate Section 1981, properly understood, nor do any of the other matters identified above appear to do the job either. Accordingly this action is set for a status hearing at 8:45 a.m. February 15, 2007 to allow Jagla to articulate, if he can, some nonfrivolous ground on which this action can remain in this District Court. In the meantime the United States Marshals Service will not be required to pursue the service of summons on the named defendants.

                                                  _/s/ Milton I. Shadur_
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: February 7, 2007